GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY
COMPANY V. BRIDGET DANIELS ET AL.

No. 452.

1. **Charge of Court—Issues Made by Pleadings.**—Where the statement of the issues made by the trial judge in the charge is as full as that made in appellant's pleading below, this is as much as he is entitled to demand.

2. **Railway Company—Leased Road—Liability of Lessor.**—A railroad company can not in this State evade its responsibilities to the public by leasing its road to another, and it is liable for injuries to an employe of the lessee caused by a defect in the roadbed and bridges.

3. **Evidence—Opinion of Nonexpert.**—The opinion of a nonexpert witness who examined a railroad bridge soon after it had fallen, as to the cause of the fall, is admissible where he states fully the facts upon which the opinion is based.

4. **Same—Opinion as to Rainfall.**—A witness who has lived several years in the vicinity of a railroad bridge, and who has a special knowledge of the canyon over which it is built, may state his opinion as to whether the freshet which caused the bridge to fall was a remarkable one, and such as was not to be expected in that section.

5. **Charge of Court on Weight of Evidence—Grouping Facts.**—A charge is erroneous in which certain facts are grouped, and the effect of their finding declared to be negligence. See the opinion for illustration.

6. **Railway Company—Care as to Roadbed and Bridges.**—A railway company is not held to absolutely insure the safety of its bridges, but its liability depends upon the use of ordinary care in their construction and maintenance.

APPEAL from Bexar. Tried below before Hon. GEO. H. NOONAN.

*Upson & Bergstrom,* for appellant.—1. It is the duty of the court in its charge to the jury to state the issues under and in conformity with

the pleadings and the evidence; and when the testimony tends to show facts which constitute a complete defense, the defendant is entitled to have a special charge upon such issue, and a refusal to give such charge is reversible error, where the general charge fails to present clearly the law upon such issue. 1 Sayles' Civ Stats., art. 1317, notes 2, 3, 4; 1 Thomp. on Trials, secs. 1027, 2314; Tel. Co. v. Andrews, 78 Texas, 305; Kirby v Estill, 75 Texas, 484.

2. Where one railroad is leased and operated by another exclusively, the company lessee is alone responsible for injuries committed in the course of operating the road. Railway v. Underwood, 64 Texas, 468; Railway v Teirney, 72 Texas, 312; Railway v. Culberson, 72 Texas, 375, Railway v. Watts, 63 Texas, 553; Baxter v. Railway, 22 S. W. Rep., 1002; Hedgpeth v. Robertson, 18 Texas, 871.

3. In the case at bar it was for the witnesses, all of whom were non-experts, to state the facts within their knowledge, and from which, and not from the opinions of the witnesses, the jury should have been left to form their own opinion as to the cause of the falling of the bridge, how the foundation would be affected by a freshet, and the character of freshets that might have been expected in the canyon in question. Railway v Sweeney, 24 S. W. Rep., 947; Railway v. Daniels, 1 Texas Civ. App., 701; Railway v. Shultz, 54 Am. Rep., 805.

4. It is error for the court to charge the jury that a certain state of facts constitute negligence, unless made so by statute. In the absence of any statutory provision declaring certain facts negligence, it is exclusively the province of the jury to determine whether or not such facts in evidence constitute negligence. Calhoun v. Railway, 84 Texas, 229; Campbell v. Trimble, 75 Texas, 270; Railway v. Hanks, 21 S. W. Rep., 948; Railway v. Long, 23 S. W. Rep., 499; Receivers v. Yarborough, 1 Texas Civ. App., 260; Railway v. Bell, 75 Texas, 50; 1 Rorer on Rys., 698; 3 Wood's Ry. Law, sec. 376, p. 1468; Railway v. Nixon, 52 Texas, 19; McGown v. Railway, 85 Texas, 289; Rev. Stats., art. 2899.

5. Railroad companies are not the insurers of the lives and safety of their employes, and the law only requires of them, as to the safety of their employes, in the construction, maintenance, and repair of their bridges, the exercise of reasonable and ordinary care. Railway v. Culberson, 72 Texas, 375; Railway v. Scheidemantel, 24 S. W. Rep., 328; Railway v. Robinson, 73 Texas, 277; Railway v. Daniels, 1 Texas Civ. App., 695.

*Peter Shields*, for appellees.—1. Under the laws of Texas, in the absence of statutory authority, as in this case, one railroad company can not lawfully transfer to another by lease, or even by sale, the right to operate its road so as to absolve itself from liability for injuries resulting from negligence and defects in the construction of its road and roadbed, and appellee's motion to strike out the evidence relative to a lease in this case, should have been sustained. 19 Am. and Eng.

Encyc. of Law, 896–899; Pierce on Rys., 283; Wood's Ry. Law, 486; Redf. on Rys., 616; 2 Laws Rights, Rem., and Prac., 982; Railway v. Lane, 79 Texas, 643; Railway v. Rushing, 69 Texas, 306; Railway v. Morris, 68 Texas, 59; Railway v. Dunham, 68 Texas, 231; Woodhouse v. Railway, 67 Texas, 420; Railway v. Underwood, 67 Texas, 593; Railway v. Moody, 71 Texas, 614; Railway v. Eckford, 71 Texas, 274; Railway v. Lee, 71 Texas, 538; Tel. Co. v. Railway, 1 Fed. Rep., 745; Briscoe v. Railway, 40 Fed. Rep., 273; Swords v. Edgar, 59 N Y, 28; Abbott v. Horse Car Co, 80 N. Y., 27; Thomas v Railwáy, 101 U. S., 71; Railway v. Railway, 118 U. S., 290; Railway v Brown, 17 (Wall.) U. S., 445; Railway v Winans, 17 (How.) U S., 30; Railway v. Barrow, 5 (Wall.) U. S., 104; Laingley v. Railway, 10 (Gray) Mass., 103; Davis v Railway, 121 Mass., 136; Ingersoll v Railway, 8 (Allen) Mass., 438; Nugent v. Railway, 12 Atl. Rep., 799; McClure v Railway, 74 Am. Dec., 624; Nelson v. Railway, 62 Am Dec., 617.

2. There is no merit in the objection raised by the first assignment of error relative to the testimony of the witness Barber. The character of that country and canyon for rains and freshets was a proper subject of inquiry in this case, whether before or after the one in question, and besides, this evidence was competent to contradict the statement of the witness Kruttschnitt by deposition filed herein. Whart. on Ev., secs. 511, 512, 513; 7 Am. and Eng. Encyc. of Law, 496; Railway v. Daniels, 20 S. W. Rep., 955; Railway v. Klaus, 64 Texas, 294; Railway v. Jarrad, 65 Texas, 566; Railway v. Locker, 78 Texas, 282; Shelly v. City of Austin, 74 Texas, 608; Railway v. Hadnot, 67 Texas, 506; Bennett v. Mehan, 43 Am. Rep., 78.

3. It is not enough for a railroad company to show that it employed competent persons to construct and inspect its road and bridges, but it must go further, and show that they properly performed those duties. While ordinary care is the rule of liability in such cases, such care, or what is ordinary care, varies with the interests involved or the dangers to be apprehended and guarded against, and the language of the charge should accord with the circumstances of the case at bar. Railway v. Smith, 74 Texas, 278; Seybold v. Railway, 95 N. Y., 562; Railway v. Williams, 3 Am. and Eng. Ry. Cases, 457; Bowen v. Railway, 8 S. W. Rep., 231; Stokes v. Saltonstall, 13 Pet. (U. S.), 181; Brehan v. Railway, 34 Barb., 256; Railway v. Thompson, 56 Ill., 138; Meritt v. Earle, 29 N. Y., 115; 16 Am. and Eng. Encyc. of Law, 396, 398–403; 10 Am. and Eng. Encyc. of Law, 601; 1 Am. and Eng. Encyc. of Law, 174; 12 Am. and Eng. Ry. Cases, 196, and note; Railway v. Haloren, 53 Texas, 54; Railway v. Miller, 2 Colo., 456; Railway v. Fowler, 56 Texas, 452; Railway v. Cowser, 57 Texas, 304; Railway v. Dunham, 49 Texas, 188; Railway v. Oram, 49 Texas, 345; Railway v. Harmonson, 22 S. W. Rep., 764; Railway v. Worthy, 27 S. W. Rep., 426; Fordyce v. Culver, 22 S. W. Rep., 237; Bridge Co. v. Varela, 22 S. W. Rep., 99; Railway v. Mitchell, 21 S. W. Rep., 883; Railway v. Guy, 23 S. W. Rep., 634; Railway v. Daniels, 20 S.

W. Rep., 955; 39 Am. and Eng Ry Cases, 333, 335, and note; 2 Wait's Ac. and Def., 25, 5 Wait's Ac. and Def., 328; Township v. Moore, 8 Am. Rep., 204.

FLY, ASSOCIATE JUSTICE.—This is a suit brought by the surviving wife and child of Horace Daniels, who was killed by the collapse of a bridge over which he, as engineer, was propelling a locomotive and freight train. The case turns upon the question of the proper care upon the part of appellant in constructing and maintaining the bridge. This is a second appeal of the case, the first being reported in 1 Texas Civil Appeals, 695.

We will consider the assignments of error in the order presented in the brief. In the fifth, sixth, eighteenth, nineteenth, twentieth, twenty-third, twenty-fourth, and twenty fifth assignments of error, it is contended that the court erred in failing and refusing to present the issue, that if the railroad belonging to appellant was at the time of the death of Horace Daniels leased to the Southern Pacific Company, and said Horace Daniels was killed while in the employ of the said lessee, then appellant would not be liable in damages for the death of said employe occurring in the course of his employment by the lessee. Several special charges embodying this theory were asked by appellant, and were refused. The statement of the issues made by the district judge in the charge is as full as the statement made in the answer by appellant, and this it would seem is as much as should be demanded by the pleader. The damages in this case are alleged to have arisen by reason of the improper and faulty construction of a certain bridge, which was alleged to be defective both as to materials and foundation. This allegation throws the responsibility directly upon the owner of the road, whose duty it is to properly construct its road, bridges, etc., and to use proper care in keeping the same in good repair. It is the well settled doctrine in this State, that a railroad company can not evade its responsibilities to the public by leasing its road to another. Railway v. Underwood, 67 Texas, 589; Railway v. Morris, 68 Texas, 49; Railway v. Rushing, 69 Texas, 306; Railway v. Culberson, 72 Texas, 375. This position is maintained upon the ground that railroads under their charters assume certain obligations to the public, which can not be evaded by a lease of their roads. The lessor roads are held responsible for the neglect of duty to the public by their lessees; and the public will not be called upon to inquire any further than the charter as to who will be liable. This is the doctrine so far as the general public is concerned, but our Supreme Court has held that the duties owed by a railroad to employes are not those common to the public, but grow out of the contract of service. Railroad v. Culberson, 72 Texas, 375. We thoroughly concur with that opinion in so far as it intimates, that if the injury had occurred by reason of a defect in the roadbed or track, the company charged with the duty of keeping up the road would be liable. This intimation of what the ruling of the .

court would be under the state of facts was afterwards crystallized into a clear and conclusive decision by the court when the question of the liability of the lessor railroad to an employe of the lessee, by reason of defects in the road itself, was presented directly for adjudication. Railway v. Lane, 79 Texas, 643. In that case it is said: "There is no law of which we are advised that authorized the defendant to lease its line. * * * The defendant company by accepting its charter assumed the obligation to keep its tracks in safe condition for the operation of trains over them, and to do this is a duty it owes to all persons who are permitted by it to travel upon or operate trains over it."

· There was no written evidence of the lease, and the witnesses who testified to the fact of a lease did not testify that the duty of keeping the road and bridge in repair devolved upon the lessee, even if that fact could in any manner have lessened the responsibility of the owner of the road. The duty, however, no matter what the terms of the lease may have been, of keeping the road in repair devolved upon the appellant, and there was no error in refusing the requested charges. F. B. Barber, a witness for appellees, was permitted to testify, that he experienced frequent heavy rains in the canyon or gulch over which the bridge that fell was built, and one that might be called a freshet; which testimony was objected to, because the witness had sworn that he never knew the canyon until about three years after the wreck. The introduction of this testimony can be justified perhaps upon the ground set out in a decision of the Supreme Court of Texas in the case of Railway v. Holliday, 65 Texas, 513. As said in that case, if this had been the only proof that great freshets had come in that section it would have been inadmissible, but coming as it does, after other proof of former freshets, it showed a continued liability to such occurrences at and about the time the bridge was built. But if, under the operation of such a rule, the testimony was inadmissible, no harm could have resulted to appellant, for the reason that the same testimony, in effect, was introduced by appellees without objection from appellant. The witness R. A. White swears that a rain fell on October 3, 1886. Again, the testimony was permissible in rebuttal, as several of appellant's witnesses swore that there was no freshet after the wreck. Kruttschnitt goes so far as to swear that no such freshet occurred for seven years after the wreck. After giving a detailed and full account of an examination made of the bridge immediately after the wreck, and of the bed of the canyon, approaches, timbers, foundations, etc., witnesses A. F. Dignowity and Charles Emerly were permitted to give an opinion as to what caused the wreck, and appellant assigns this action of the court as error, because it was merely the opinion of witnesses who had not qualified themselves as experts. This identical question was urged on a former appeal of this case (1 Texas Civil Appeal, 695), and it was held that the assignment was untenable. In that opinion, the cases of Railway v. Jarrard, 65 Texas, 560, and Railway v. Locker, 78 Texas, 279, are cited as supporting the opinion. In

the Jarrard case Judge Robertson, rendering the opinion, says, "a juror would be as competent as the witness to form an opinion, if he had seen what the witness saw, but what the witness observed 'can not be reproduced and made palpable in the concrete to the jury.'" The reason for admitting the opinion is based upon the idea that it was impossible in any other way to place the whole matter before the jury. In the case of Railway v Locker the witness had been asked, "why was it the waters of the Bosque did not flow in 1887 as they did formerly?" and in answer the witness gave his opinion. The court says, "the witness having apparently fully stated all the facts upon which this opinion was founded, it was competent for him to answer the question." The same rule is approved in Railway v. Klaus, 64 Texas, 293; Railway v. Hepner, 83 Texas, 136; Railway v Richards, 83 Texas, 203. If an expert could have testified, as is tacitly admitted, the nonexpert could testify when he qualifies himself by stating the facts upon which his opinion is based. One who has had special opportunities for informing himself as to a knowledge of facts upon which can be predicated a reasonable opinion may, when the trial court is satisfied with his means of knowledge, express that opinion, which may be weighed by the jury. Railway v. Warren, 137 U. S., 348; Ins. Co. v. Lathrop, 111 U. S., 612; Railway v. Bradley, 54 Fed. Rep., 630.

Whether the witness had qualified himself to testify as to the particular matter is a question to be determined by the trial court, and its action will not be reviewed unless a gross abuse of the discretion is made to appear. Man. Co. v. Phelps, 130 Mass., 217. The opinion expressed herein will be seen not to conflict with the case of Railway v. Sweeney, 24 Southwestern Reporter, 947, decided by this court, where the opinion of a witness was held to be inadmissible, because no peculiar knowledge of the matter about which he testified was shown to be possessed by him, and he was in no position to know any more about the matter than did the jury. The fourth assignment presents as error the following interrogatory propounded to John Gilcrease: "If you say the bridge was built and constructed on a gravel or soft foundation, please describe the same fully, and how it would be affected by a freshet, and its capacity for resistance in case of a freshet." And the answer, as follows: "The bridge was built on a gravelly or soft foundation, and the heavy current of water or freshet would wash the foundation or gravel from the foundation, and cause the bridge to give way." The question was objected to as leading and calling for an opinion, and the answer as being a mere opinion which the witness was not competent to give, and was not any statement founded on facts, the witness having stated, that he did not know the mode of construction of the bridge and saw no defect in it, and did not know anything as to the foundation or as to bridge building. Witness lived in the section of country in which the bridge was situated, was at the place shortly after the wreck, and swears positively that the bridge was built on "a gravelly or soft foun-

dation." That the bridge was built upon a gravelly foundation is shown by several of appellant's witnesses, and it is testified to by Van Vleck and Kruttschnitt that the freshet at time of the accident washed out the gravel foundation. Cushing, appellant's civil engineer, said: "Some of the sills were on solid rock, and some were on compact gravel. I could not say how deep the gravel was." He further says, "the larger portion of the bridge that had washed away was on the east side, which stood on gravel." Appellant could not have been injured by the opinion of witness, which, however, we hold he had qualified himself to give. For the same reasons given as to the testimony of the witnesses Dignowity and Emerly, the testimony of R. W. Robertson was admissible. The witness swore to a knowledge of the country, having lived there for a number of years, swore to the special knowledge of the canyon, and he was in a position to swear as to whether the freshet in which the wreck occurred was a remarkable one. He was asked: "From your knowledge of the country and its watershed, as you have described it, state whether or not you would consider a freshet of a ten foot rise anything remarkable or unexpected." To this he answered, "I don't think it would be anything remarkable." There was no error in permitting the question and answer. Several of the witnesses swore that higher freshets than the one in question had been known in that country. Roach, a witness for appellant, swore, that "the country generally did not show an unusual rainfall." He also swore, that the country was subject to heavy rains. The twenty-ninth and thirty-first assignments are but reiterations in another form of the assignments herein before discussed as to other testimony of Dignowity and Emerly. The larger portion of all the testimony objected to was testified to without objection by other witnesses. We admit our inability to grasp the pith and point in the seventh assignment. The charge of which complaint is made is a fair presentation of the issues in the case, and the evidence is ample to support it.

The eighth assignment complains of the following clause in the charge of the court:

"If you believe from the evidence that the bridge number 544 was defective and unsafe from its make and construction, or from want of repair had become defective and unsafe, and in consequence Horace Daniels was injured, and the defendant knew or by the exercise of reasonable care and diligence might have known of such defect, then the defendant corporation would be guilty of negligence, and if from the evidence you believe the said Horace Daniels was at the time exercising ordinary care and prudence in the performance of his duty as an engineer on defendant's road, and as its employe, then, and in such a contingency, the defendant corporation is liable to the plaintiff for such damage as the proof shows she and her daughter, Nellie Daniels, and the said Mrs. M. A. Foster, are entitled to recover for the death of the said Horace Daniels. If you find a verdict in favor of the plaintiff, you will state specifically the amount each one shall receive."

This charge is error under the rule prescribed by the appellate courts of this State condemning instructions of trial courts in which the facts are grouped, and the effects of their finding declared to be negligence. Railway v. Long, 23 S. W. Rep., 499; Railway v. Briggs, 23 S. W. Rep., 503; Railway v. Lee, 70 Texas, 501; Railway v. Anderson, 76 Texas, 249; Railway v. Dyer, 76 Texas, 160; Calhoun v. Railway, 84 Texas, 229, Campbell v. Trimble, 75 Texas, 270.

Negligence is a fact like any other to be found from the facts by the jury, and under the Texas system, where juries are made the exclusive judges of the weight of the testimony, any invasion of their prerogatives is looked upon with a jealous eye by appellate courts, and has been invariably condemned by them. Whenever the point as to negligence is contested, it is the unbroken rule to demand that the facts constituting the negligence not only must be submitted for the finding of the jury, but whether the facts constitute negligence must also be submitted for their determination. In the case of Railway v. Hill, 71 Texas, 459, it is said: "We have been cited to no case where it has been held competent to charge upon any particular combination of facts as constituting negligence, save when so declared by law."

In the case of Stooksbury v. Swan, 85 Texas, 563, this doctrine is reaffirmed, and it is held, that in all cases the existence or nonexistence of the facts the evidence tends to prove, as well as the existence of the fact to be implied from other facts, must be left to the determination of the jury.

This question has been so often and so exhaustively treated by the Supreme Court and by this court, that it becomes unnecessary to discuss it further.

The eighth paragraph of the charge, when taken with the paragraphs immediately preceding it, is not erroneous. We are of the opinion that there is but the one error in the record, which has been pointed out, and for that error alone the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered October 24, 1894.

## ON MOTION FOR REHEARING.

FLY, ASSOCIATE JUSTICE.—We have thoroughly reinvestigated this case, in deference to the motion for rehearing, and we are convinced that a proper disposition has been made of this case. There is no statute in Texas requiring a railroad company to build safe bridges and keep the same in safe condition, and the duty of using ordinary care in the construction of bridges, roads, etc., arises from the charter given by the State. An act to be negligent per se must be done contrary to statutory duty, or must be so palpably in disregard of common prudence that a court would not hesitate to say that it constituted negligence. Railway v. Gasscamp, 69 Texas, 545; Chatham v. Jones,

69 Texas, 744. The question as to whether the bridge was properly constructed was hotly contested, and the testimony was quite conflicting. The charge given by the District Court is open to another objection. It instructs the jury that if the bridge was unsafe, and the railroad company knew or could have known by the exercise of reasonable care and diligence of the defect in the bridge, that it would be guilty of negligence, without reference to any effort it may have made to remedy the defect. In this connection, appellant asked the following charge:

"14. Even if the jury believe from the evidence that said bridge number 544 was defective in its original construction, yet if the jury believe from the evidence that defendant in the original construction of said bridge used ordinary care to see that said bridge was so constructed as to be reasonably safe for the purposes for which it was intended, and if they further believe from the evidence, that after its construction the defendant had employed careful and competent inspectors, and that such inspectors did exercise ordinary care in inspecting such bridge, and did exercise ordinary care to see that such bridge was kept in reasonably safe condition for the purposes for which it was intended, then you will find for defendant."

This charge should have been given. We are of the opinion, also, that special charges numbers 2, 5, 7, and 8, requested by appellee, were erroneous and should not have been given. The duty required of appellant in constructing and keeping its bridges in repair is more onerous than is required of it by law. The requested charges require safe structures, and not the exercise of care to secure safe structures. In the eighth requested charge the liability of appellant is made to depend upon its failure "to construct its road and bridge properly, and with proper foundation to withstand" rains and freshets.

The motion for rehearing is overruled.

*Motion overruled.*

Delivered December 19, 1894.