TEXAS MIDLAND R. R. v. SIMMONS.

(Court of Civil Appeals of Texas. Dallas. Jan. 4, 1913. Rehearing Denied Jan. 25, 1913.)

1. DAMAGES (§ 158*)—PERSONAL INJURIES—PLEADING AND PROOF.

Under an allegation of the complaint in a passenger's action for injuries that there was an injury to the kidneys, evidence that the bladder is partly paralyzed is admissible when such paralysis is but a reflex action or symptom of the injury alleged.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 441–444; Dec. Dig. § 158.*]

2. APPEAL AND ERROR (§ 1053*)—HARMLESS ERROR—ADMISSION OF EVIDENCE—CURE BY INSTRUCTION.

In a personal injury case, the admission of evidence of injury to the bladder under a complaint not alleging injury to such organ, if error, was harmless where the jury were instructed not to consider any such injury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4178–4184; Dec. Dig. § 1053.*]

3. TRIAL (§ 295*)—INSTRUCTIONS—CONSTRUCTION AS A WHOLE.

An instruction to find for defendant, in a passenger's action for injuries from the turning over of a box on which she stepped in alighting, if the box was a proper one for persons to alight on, and the conductor placed it in a proper position for plaintiff to step on in alighting, was not erroneous where, from the charge as a whole, the jury must have understood that defendant's duty with respect to placing the box in position was to use that high degree of care that a very cautious, prudent, and competent person would use under like circumstances, especially where defendant's answer was almost in the same language as the instruction.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 703–717; Dec. Dig. § 295.*]

4. TRIAL (§ 260*)—INJURY TO PASSENGERS—REFUSAL OF INSTRUCTION.

Where, in a passenger's action for injuries, the court instructed that defendant was not an insurer of the safety of its passengers in placing a step box for their use in alighting, and in placing the box was required to exercise only that high degree of care which a very cautious, competent, and prudent person would exercise under like circumstances, it was not error to refuse a special charge to find for defendant if the conductor exercised the care which a man of great prudence and caution would have exercised, under the circumstances, to place the box in proper position.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

5. APPEAL AND ERROR (§ 1005*)—VERDICT—EVIDENCE.

Where the evidence in a passenger's action for injuries warranted findings for plaintiff on the issues of negligence and contributory negligence, denial of a new trial after verdict for plaintiff will not be disturbed on review.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3860–3876, 3948–3950; Dec. Dig. § 1005.*]

Appeal from District Court, Hunt County; R. L. Porter, Judge.

Action by C. A. Simmons against the Texas Midland Railroad. From judgment for plaintiff, defendant appeals. Affirmed.

Henry C. Coke, of Dallas, Dinsmore, McMahan & Dinsmore, of Greenville, and S. W. Marshall, of Dallas, for appellant. Yates, Sherrill & Starnes, of Greenville, for appellee.

TALBOT, J. The appellee, Mrs. C. A. Simmons, on or about the 3d day of September, 1911, was a passenger on appellant's train going from Greenville, Tex., to Cash, Tex. When the train arrived at Cash, the appellant used a box or stool placed upon the ground for passengers to step upon in alighting from the train. Mrs. Simmons, in alighting from the train, stepped on the box, and it tipped or turned over, throwing her to the ground and seriously injuring her. The box was caused to tip or turn over because of the negligence of the appellant in having an improper or unsuitable box for passengers to alight on, or because the conductor of the train, just immediately before or at the time Mrs. Simmons was in the act of stepping on the box, negligently kicked or otherwise moved the box too far under the steps of the car from which she was alighting, thereby causing her foot to catch on the outer edge of the box. To recover damages for the injuries sustained, this suit was brought, and the defenses set up were (1) a general denial; (2) contributory negligence on the part of appellee in that she negligently stepped on the edge of the box as she alighted from the train, and in that the heel, or a part of the heel of her shoe, was sprung and came off as she stepped on the box and caused her to stumble and fall. The trial resulted in a verdict and judgment for appellee, and the appellant appealed.

[1, 2] The first assignment of error complains of the admission of certain testimony given by the witness Dr. Joe Becton. It appears from the bill of exception that, in answer to a question propounded by the appellee's counsel, this witness said: "Usually a shock will do one of two things in four

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

to six hours—the patient will either succumb to the shock or shows signs of being better. There is one symptom I did not mention a while ago; at the time I was called she had paralysis of the bladder, we had to draw her water off, and now when she gets on her feet—" At this juncture, and before the sentence, was completed, objection was made to the statement of the witness to the effect that, at the time he was called, Mrs. Simmons had paralysis of the bladder and he had drawn her water off, upon the ground that no such injury had been alleged, and the objection was overruled. We think there was no material error committed in this action of the court. In this connection, and before the court ruled, the witness stated, "The function of the kidney is to separate the water from the blood—that is, performs its function in the body—it is one of nature's ways of getting rid of the refuse blood, and it delivers it into the bladder." The witness further stated, "I didn't say injury to the bladder, but what is called reflex action in this kidney. In explanation of what I mean by reflex action, if you have nothing to move the bowels, you would have a headache and that is called reflex action, but you would not have headache from neuralgia in the head; reflex action is where the trouble is one place and pain another; the nerves control everything, and, when the kidneys start to dripping water down, a little nerve that runs down this ureter gives it impulse to trickle water down; if anything happens to that, that interferes with the bladder, and when the bladder gets ready to empty, and the bladder begins to squeeze this way [indicating], and nature opens a little throttle and lets the water out; if for any reason this nerve impulse is interfered with, the bladder will close and this desire to empty itself will not go on, and then after so long a time the bladder becomes paralyzed—not diseased—but paralyzed from lack of nerve impulse; when she gets up, water trickles from her at this time, and this morning she was all wet down there when I examined her; it is not complete paralysis, but partial paralysis. This condition of the urine I testified about is due to injury to the kidney." There was no direct allegation of injury to the bladder. Appellee alleged, among other things, that she was injured in her spinal column, in the region of her kidneys; that "her left kidney was injured in its substance, lining, ligaments, and attachments and was displaced * * * and does not perform its proper functions; and that, by reason of the injuries * * * to her back, side, and kidney, plaintiff was disabled so that she could not walk and was caused to suffer severe pain."

The effect of Dr. Becton's testimony, when taken as a whole, was not to show an injury to appellee's bladder, but only to her kidney. The condition of the bladder, according to his testimony, was not the result of appellee's fall when the box turned and threw her to the ground, but reflex action as the result of the injury to the kidney sustained in that fall, and a symptom thereof. So that it seems that the relation or connection between the kidneys and bladder is such that an injury to the kidney, such as appellee sustained, necessarily involved and affected the bladder as described by the witness, and the testimony admissible, under the allegation of injury to the kidneys, to show the extent and effect of such injury. If, however, the testimony was inadmissible under the allegations of the petition, any injury which might otherwise have resulted to appellant therefrom was averted by a special charge given at the request of the appellant. This special charge was to the effect that, in considering the case, the jury could not in any event take into consideration any diseased condition or injury to plaintiff's bladder.

[3] The third assignment presents as error the following clause of the fourth paragraph of the court's general charge: "Or if you believe from the evidence that the box or stool furnished by the defendant for plaintiff to alight on was a proper and safe box for persons to alight on, and if you further believe that the conductor on the occasion in question placed said box in a proper position for plaintiff to step on in alighting from the car, you will find for the defendant." It is asserted, in substance, that this charge is erroneous, because its effect was to impose upon appellant the absolute duty of placing the stool or box in a proper position for appellee to step upon, whereas the extent of its duty in this respect was to exercise that degree of care "which a man of very high degree of prudence and caution would have exercised under the same or similar circumstances." Conceding that a charge in conformity with the views here expressed with reference to the duty of appellant in placing the box would have been more accurate, still we think the charge complained of, in view of other instructions given, constitutes no such error as requires a reversal of the case.

It is well settled that, in construing a charge, it must be taken as an entirety, and each paragraph must be taken and construed in connection with others whenever it becomes necessary to ascertain and determine its meaning and effect. Applying this principle of construction, it seems clear that the trial court, in the charge in question, did not intend to depart from the well-established rule of law that appellant's duty with respect to placing the box in position was to use that high degree of care that a very cautious, prudent, and competent person would use under the circumstances of the situation. This is manifest from the fact that in every other portion of his charge, where it became necessary to define appel-

lant's duty in this respect, the established rule upon the subject was announced in appropriate language. For instance, in the first paragraph of the general charge the jury were told that railway companies are not insurers of the safety of their passengers, but that they were required to exercise for their safety such a high degree of foresight as to possible dangers, and such a high degree of prudence in guarding against them, as would be used by very cautious, prudent, and competent persons under the same or similar circumstances. In the third paragraph, wherein the facts are grouped, the existence of which would authorize a verdict in favor of the appellee, the jury were required to believe from the evidence, among other things, in order to find for appellee, that the appellant, in furnishing the box for appellee to alight on, did not exercise that "high degree of care which very cautious, competent, and prudent persons would exercise under the same or similar circumstances," or "that the conductor, in kicking or moving said box or stool back toward the railroad track under the step of the car, * * * failed to exercise that high degree of care which very cautious, competent, and prudent persons would exercise under the same or similar circumstances." The jury were further instructed in this paragraph of the court's charge that unless they found the facts therein enumerated to exist, to find for the defendant. Again the charge complained of in the assignment under consideration is almost in the very language of the appellant's answer, wherein it specially pleaded that on the occasion that appellee was injured, its servants "placed the step or box in a proper position for the use of plaintiff in alighting from the car (italics ours), and it has been held, in effect, that in such a case the form of the charge furnishes no just ground of complaint. Posener v. Harvey, 125 S. W. 356; Railway Co. v. Daniels, 9 Tex. Civ. App. 253, 28 S. W. 548.

[4] The fourth assignment complains of the court's refusal to give that portion of its special charge No. 3, to the effect that if the defendant's conductor exercised that degree of care which a man of great prudence and caution would have exercised, under the circumstances, to place the step box in proper position for use by the plaintiff in alighting from the car, etc., to find for defendant.

The proposition contended for, in effect, is that appellant only owed appellee that degree of care, in placing the box for her to alight on, which a man of very high degree of prudence and caution would have exercised under the circumstances; that the court in its main charge failed to so instruct the jury; and hence the refusal of the special charge was error. The answer to this contention is that the court did in its general charge instruct the jury that appellant was not an insurer of the safety of its passengers in placing a step box for their use in alighting from its train, and that, in so placing such a box, the degree of care required by law was simply that high degree of care which very cautious, competent, and prudent persons would exercise under the same or similar circumstances, and the giving of the special charge in question would have been an unnecessary repetition of the general charge in that particular. The general charge in informing the jury of the facts or conditions upon which appellee would be entitled to recover did not, as before stated, make it the absolute duty of appellant to place the step box in a proper position, but the duty of exercising only that high degree of care which very cautious, competent, and prudent persons would have exercised under the circumstances of the situation, with added instruction, in effect, that if appellant exercised such care in placing the box in position, etc., to find for defendant. The failure to give the special charge, under the circumstances at all events, resulted in no substantial injury to appellant, and the assignment complaining of the court's action in that respect will be overruled.

[5] The fifth and sixth assignments of error complain, respectively, that the court erred in refusing to grant it a new trial because the verdict of the jury was against the great weight of the evidence in that the evidence showed that the conductor, on the occasion in question, exercised the required degree of care in placing the step box for use by the plaintiff, and because the verdict was against the great weight of the evidence in that the evidence showed that plaintiff was guilty of negligence, which caused or contributed to her injury. These assignments will also be overruled. The evidence on the questions referred to was not so decidedly one way as to justify this court in declaring that the verdict of the jury based thereon was clearly wrong. On the contrary, the evidence was sufficient to warrant the finding of the jury on both issues, and their verdict under the well-established practice in this state should not be disturbed.

Finding no reversible error in the record, the judgment of the court below is affirmed.