### HOUSTON & T. C. R. CO. v. ADAMS.
### No. 940.

Court of Civil Appeals of Texas. Waco.

Oct. 16, 1930.

Rehearing Denied Nov. 20, 1930.

Baker, Botts, Parker & Garwood, of Houston, and Brownlee & Brownlee, of Madisonville, for appellant.

A. H. Menefee, of Madisonville, for appellee.

STANFORD, J.

This suit was originally filed by appellee in the justice court, Madison county, Tex., to recover $90 for the value of a horse killed as a result of the negligence of the appellant, in that the animal became entangled in a cattle guard and was thereby fatally injured. Appellee also sought to recover interest and statutory attorney's fees in the sum of $20. The case was duly appealed to the county court, where the same was again tried before the court, resulting in a judgment against appellant for $110. Upon request therefor, the trial court prepared and filed findings of fact and conclusions of law. Appellant has duly appealed and presents the record here for review.

Under its first proposition appellant contends, in effect, that the acts of negligence, if any were committed, were by a person or

corporation other than the appellant, and hence the court erred in rendering judgment against appellant. The suit was against appellant, Houston & Texas Central Railway Company alone. The pleadings of appellant were in writing, and said written pleadings were the same in both the justice and county courts.

■■ The record shows that the Houston & Texas Central Railway Company constructed said line of railway some twenty-five years ago, and controlled and operated said line of railway up to about one year prior to the time this suit was filed, at which time the Houston & Texas Central Railway Company leased its said line of railroad to the Texas & New Orleans Railway Company, which last-named company was operating said road at the time of the injury and damage herein of which complaint is made, but that the Houston & Texas Central Railway Company is, and at all times since its construction has been, the owner of said railroad, its right of way, roadbed, rolling stock, and all of its physical property. If the Houston & Texas Central Railway Company had, prior to the injury complained of, leased its line of railway to the Texas & New Orleans Railway Company, to relieve itself of liability for the negligent operation of same, it was the duty of the Houston & Texas Central Railway Company to plead and prove that it had so leased said line of road to the Texas & New Orleans Railway Company, and that said lease contract had been approved by the Interstate Commerce Commission as provided by law. Said lease and the approval of same is not shown by the written pleadings, but said case having originated in the justice court, where oral pleadings are permitted, we think this court should presume there were additional oral pleadings sufficient to sustain the judgment rendered. G., H. & S. A. Ry. Co. v. Masters (Tex. Civ. App.) 23 S.W.(2d) 759, and cases cited. The proof of the lease and the approval of same by the Interstate Commerce Commission was duly made; and we think the record is sufficient to show that the Texas & New Orleans Railway Company was lawfully operating the lines of the Houston & Texas Central Railway Company.

But there is another reason why we think appellant's contention here urged constitutes no defense. The court found: "That plaintiff was the owner of one horse on or about the 8th day of October, 1928, of the reasonable market value of $90.00, as alleged in his petition; that said horse, on or about said date, was injured on and while crossing defendant's cattle guard on its railroad, * * * as alleged in plaintiff's petition; that the injury was of such a nature as to make the killing of said animal necessary and advisable; that said injury was the cause of the animal's death; that the immediate and proximate cause of the injury of said animal,

which resulted in its death, was the bad condition and substandard protection devices found and used on said cattleguard; that said cattleguard, on account of its manner of construction, the ties being large, square and laid flat, and placed in an even row about six inches apart over an excavation about three feet deep and six or seven feet wide, and the same in length, was more of a cattle trap than a cattleguard; that no protection or guards were afforded or found in its construction as required of an adequate, standard and sufficient cattleguard."

The court further found as conclusions of law, but which we think were in fact conclusions of fact, as follows: "On the above findings of fact, the court concludes that the defendant was negligent, and failed to show ordinary care and diligence in the construction or maintenance of said cattleguard, under its common law obligation; that such failure and negligence was the proximate cause of the loss complained of by plaintiff."

■ The above findings of fact by the trial court, we think, are sustained by the evidence and are sufficient to require the judgment rendered. As the trial court found, in substance, that the negligent construction of the cattle guard in question was the proximate cause of the injury to, and death of, said animal, the appellant, the lessor railway company, was liable. Article 6400, Revised Civil Statutes; H. & T. C. Ry. Co. v. White (Tex. Civ. App.) 120 S. W. 947; M., K. & T. Ry. Co. of Texas v. Attaway (Tex. Civ. App.) 180 S. W. 1151; Quanah, A. & P. Ry. Co. v. Price (Tex. Civ. App.) 192 S. W. 805.

■ Appellant, the lessor railway company, was liable for the defective condition of its cattle guard, even though the lessee may also have been liable. G., H. & S. A. Ry. Co. v. Daniels, 9 Tex. Civ. App. 253, 28 S. W. 548, 711; Trinity & S. Ry. Co. v. Lane, 79 Tex. 643, 15 S. W. 477, 16 S. W. 18; Hamilton v. Houston, E. & W. T. Ry. Co. (Tex. Civ. App.) 22 S.W.(2d) 331; 33 Cyc. page 408; also 33 Cyc. p. 706. We think it is evident from the findings of the court that the injury to the horse resulted from a defective construction by appellant of the cattle guard. We overrule appellant's first proposition.

■ What is said above, we think, disposes also of appellant's second, third, and fourth propositions, for, if appellant was guilty of negligence in the manner of construction of its cattle guard, and such negligence was the proximate cause of the horse becoming entangled in the cattle guard and the consequent injury, then appellant was liable as at common law for such injury and damage, regardless of whether or not the horse was struck by a train.

We have considered all of appellant's assignments, and, finding no reversible error, the judgment of the trial court is affirmed.