HENRY TERRELL, RECEIVER, V. LILLIAN W. RUSSELL.

Delivered June 9, 1897.

**1. Evidence—Belief Not Opinion.**

Where a witness testified that he saw deceased standing upon the pilot of an engine, and, as he believed, upon the right side of the pilot, this was to be taken not as a statement of belief and opinion, but as a statement of the position of the deceased according to the recollection of the witness.

**2. Same—Expert Qualification Not Required.**

For a witness to be able to properly testify that the engineer could have seen the deceased by leaning out of the cab some distance does not require of such witness a thorough and expert acquaintance with the mechanism of the engine, it being shown that he had fourteen years' experience in and around engines.

**3. Same—Incompetency of Engineer.**

It is permissible for a witness, who has properly qualified himself, to testify as to the incompetency of an engineer by stating that the engineer was careless, reckless, and unskillful in operating his engine.

**4. Same—Prior Incompetency.**

Upon an issue of negligence of a railway company in employing an incompetent engineer, evidence of such incompetency prior to the accident in question is properly admitted, and also as tending to show such incompetency at the time of the accident.

**5. Charge of Court Without Evidence.**

A charge is properly refused which submits the case upon an issue that is not supported by any evidence.

**6. Same—Charge Without Qualification.**

Where, under the evidence, the death of the deceased may have been caused by the joint negligence of the fireman (a fellow-servant) and of an engineer, a charge

was properly refused which instructed the jury to find for defendant if they believed that the death was caused through the negligence of the fireman.

**7. Same—Assuming Fact.**

The court's charge may assume as true a fact as to which the evidence is uncontradicted.

**8. Evidence of Incompetency.**

The fact that on one occasion an engineer ran his engine off the track is not of itself sufficient to prove him incompetent, or to charge his employer with knowledge of it.. For proof of known incompetency held sufficient to charge the employer, see the opinion.

**9. Evidence by Reputation Too Limited.**

Evidence to show that an engineer is a member of the Brotherhood of Locomotive Engineers, an order whose rules admit only competent engineers, is properly rejected. as evidence of his competency, where there is no offer to show the extent of the membership of that order, as it may, at best, be evidence of reputation within a limited circle, instead of a general reputation.

ERROR from Bexar.   Tried below before Hon. J. L. CAMP.

*William Aubrey* and *Carlos Bee*, for plaintiff in error.—1.   The belief of a witness as to the existence of a fact is not legal or proper testimony of such fact.   7 Am. and Eng. Encyc. of Law, 79, 492; Stewart v. State, 19 Ohio, 302; Penn. Co. v. Conlon, 101 Ill., 93.

2.   Incompetency is a fact to be deduced from other facts, and it is error to permit a witness to testify, sic, that one was competent or not competent.   Bailey's Mast. and Serv., 49; Harvey v. Railway, 88 N. Y., 481; 7 Am. and Eng. Encyc. of Law, 80, 854.

3.   The evidence of incompetency must be limited to the date of the accident alleged to have been caused by such incompetency. · Railway v. Beeman, 74 Texas, 293.

4.   The court should have charged the jury to find a verdict for the defendant, upon the pleadings of plaintiff and the undisputed facts, and should have granted a new trial for want of law and evidence to sustain the verdict of the jury.   Railway v. Lehmberg, 75 Texas, 61; Railway v. Thompson, 33 S. W. Rep., 718; Railway v. Meyers, 75 Texas, 116;. Rogers v. Street Railway, 76 Texas, 502; Railway v. Bradford, 66 Texas,. 732; Railway v. Lempe, 59 Texas, 19; Railway v. McDade,. 135 U. S., 570; Bailey's Mast. and Serv., 70; Lytle v. Railway, 84 Mich., 289.

*F. C. Davis* and *Barnard & McGown*, for defendant in error.—1.   In Railway v. Carsen, 57 Texas, 302, it is said: "In a suit for damages against a railway company, on account of alleged negligence of its. agents, it is not necessary that the petition should negative either by facts stated or by direct averment the existence of contributory negligence on the part of plaintiff," and Judge Brown, in Railway v. Johnson, 35 Southwestern Reporter, 1043, says that continuing to work with an incompetent fellow-servant after knowledge thereof is contributory negligence.   Murray v. Railway, 73 Texas, 6; Railway v. Burkett, 2 Texas Civ. App., 308; Sayles' Plead. and Prac., sec. 461.·

2.   The testimony of Costley was admissible.   It shows clearly that

the witness meant his impression, or recollection, was that Russell was on the right side of the pilot, and in detailing the circumstances of the accident he could state it to the best of his recollection. Railway v. Parish, 40 S. W. Rep., 191; Simpson v. Brotherton, 62 Texas, 170; Swinney v. Booth, 28 Texas, 114; Ins. Co. v. Pruitt, 65 Texas, 128; 4 Texas Civ. App., 546; 12 S. W. Rep., 833; 1 Whart. on Ev., 2 ed., sec. 515.

3. Where a witness states a fact of his own knowledge, it must be taken that he had competent means of information and knowledge of the fact, unless the contrary appears. Kottwitz v. Bagby, 16 Texas, 662; Gonzales v. McHugh, 21 Texas, 257.

4. In Railway v. Patton, 9 Southwestern Reporter, 176, the witness was asked whether the engineer "was a competent, careful, and safe engineer, or whether he was incompetent, reckless, and unsafe." The court (Judge Gaines) said: "The witness was an old brakeman, and had worked as such upon the train operated by Hawley for some two weeks before the trial. We think his experience as a brakeman qualified him to testify as to the competency of an engineer upon whose train he had run." Merchant v. Bowyer, 3 Texas Civ. App., 367; Long v. McCauley, 3 S. W. Rep., 691; Buckalew v. Railway, 20 S. W. Rep., 606; McGonigle v. Kane, 38 Pac. Rep., 367; Railway v. Johnson, 78 Texas, 536; Railway v. Bonner, 82 Texas, 234; Rope v. Burkett, 2 Texas Civ. App., 308; Railway v. Wilson, 3 Texas Civ. App., 583; Railway v. Briggs, 4 Texas Civ. App., 515; People v. Eastwood, 14 N. Y., 562.

5. So much of said evidence as related to Pereira's incompetency prior to the accident (which is slight) was admissible to fix knowledge upon Terrell, and thus show his negligence. Railway v. Patton, 9 S. W. Rep., 175; Railway v. Johnson, 35 S. W. Rep., 1042; Railway v. Scott, 68 Texas, 697; Railway v. Rowland, 3 Texas Civ. App., 162.

JAMES, CHIEF JUSTICE.—Action for damages for death from personal injury. Our conclusions of fact are as follows: We conclude that McMaster Russell, defendant in error's husband, was killed by being run over by the receiver's engine, while in the receiver's employ, and in the discharge of his duties as a brakeman. Also that there is evidence to show that the engineer, Pareira, then operating the engine, was incompetent by reason of recklessness, and that his negligence on this occasion, growing out of such unfitness, caused Russell's death; that there is evidence that warranted a finding that the receiver, prior to this occurrence, had, or by the exercise of ordinary care, would have had, knowledge of the engineer's unfitness, and was guilty of negligence in having him in his employ as engineer. That the testimony warranted the conclusion that deceased was not guilty of contributory negligence. That the damages found are not excessive.

*Opinion.*—Plaintiff in error's first assignment, as developed by propositions, is that the demurrer to the petition should have been sustained, (1) because it disclosed that the deceased had by negligent conduct con-

tributed to his death; (2) because it was necessary for the petition to allege that deceased not only did not know of the alleged defects in the appliances, and incompetency of the engineer, but that he could not have known of the same by the exercise of ordinary care; (3) that the petition shows that the engineer and the deceased were fellow-servants; (4) that it was essential for the petition to allege that the injury was the proximate result of the negligence alleged. None of these objections applied. The petition and trial amendment alleged that the engineer Pareira was careless, reckless, and incompetent, and unfit for the place; that defendant knew or might have known of such unfitness by the use of ordinary care, and that the deceased did not know it, and could not by the exercise of ordinary care have known it. The pleadings showed the engineer and deceased to have been fellow-servants; but what is stated above from the pleadings shows a case of negligence of the defendant. It is also stated that the matters of negligence alleged were the proximate causes of his death. Assuming, but not deciding, that the propositions state grounds of demurrer, we conclude that the petition was not open to them. The assignment relates only to the demurrer, and the evidence in the case has no connection with it.

The second and ninth assignments are not well taken, for the reason that the case was not tried on any issue of negligence save that relating to the unfitness of the engineer, as the charges of the court show. The allegations of negligence in respect to the roadbed and engine seem to have been eliminated from the case, and the evidence offered did not bear on the issue upon which the case was tried.

The third and fourth assignments are to the admission of certain testimony of John Costley, quoted by appellant, as follows: "At this time (of the accident) Russell was standing on the pilot of said engine, and I believe on the right side of said pilot;" and "if said Russell were on the right side of the pilot, as I believe he was;" and "when I first saw Russell he was standing upon the pilot of the engine, and I believe on the right side of the pilot, and was kind of leaning over, just picking up the pilot bar;" and also, "if said Russell were on the right side of said pilot, as I believe he was, the engineer from his place in the cab of the engine may not have been able to see him, that is, if the engineer were sitting straight up in his cab, but if he had leaned out some distance he could have seen Russell on said engine." The objections to this testimony as given by the propositions are, to the last, that in order for the witness to be able to express an opinion as to whether or not the engineer could have seen deceased while standing on the pilot, the witness should be first compelled to show that he was familiar with such engine, its mechanism, etc., or had actually tested the same in reference to the fact inquired of; and to the other statements, that the belief of a witness as to the existence of a fact is not proper testimony of such fact. These statements, together with the other testimony of this witness, show that he saw deceased on the pilot, and that he was stating the facts according to his recollection. Simpson v. Brotherton, 62 Texas, 170; Swinney v.

Booth, 28 Texas, 114; Ins. Co. v. Pruill, 65 Texas, 128; Railway v. Parrish, 40 S. W. Rep., 191.

As to the statement of the witness last above quoted, the objection does not seem to have been well taken. It is true he testified: "I am not acquainted with the engine through which Russell sustained the accident, nor have I ever operated or used it. I am not familiar with its mechanism, but know that it was at the time provided with air brakes." But it appeared also that he had been in the railway service for fourteen years as fireman, yardmaster, and engineer, and was therefore experienced in reference to engines. He saw this engine at the time, and must have observed it to some extent, for he states that it had air brakes, and was not provided with the proper appliances for making couplings, and had no such appliances except a pilot and a little step on each side of the pilot and the bar attached to the same. To be able to say that the engineer could have seen Russell by leaning out some distance, did not necessarily require a thorough or expert acquaintance with the mechanism of the engine. We therefore think the court did not err in allowing the testimony.

Assignments fifth and sixth refer to the admissibility of certain testimony of the witnesses Hillan and Rupert. Both of these witnesses, railroad employes, testified in substance that they had known Pareira, the former about six years and the latter about ten years, in the railway service as engineer, and had ample opportunity of observing him in the performance of duties as engineer; that he was not a competent engineer; that he was a reckless engineer, unskillful in the handling of his engine, and a very careless man in operating his engine. Rupert testified that his opportunities for observing Pareira's work as engineer were before he was employed by the Gulf Shore; and Hillan's opportunity extended to a later date, for he states that he worked with Pareira on the Gulf Shore Railway for a short time. It appears that Pareira went into the service of this company in January, 1895, the accident occurring in December, 1895. It is contended upon these assignments: (1) That for a witness to testify concerning the competency of an engineer, the witness must first be shown to have had the opportunity to know the fact. The witnesses appear from their testimony to have been qualified. (2) That incompetency being a fact to be deduced from other facts, it was error to permit a witness to testify that one was competent or incompetent. If there be any merit in this position, the witnesses stated in what the incompetency consisted, viz., that he was careless, reckless, and unskillful in operating the engine. (3) That the evidence of incompetency must be limited to the date of the accident. The incompetency in a case of this character must in the nature of things have existed prior thereto, in order for it to have become known to the employer, and to have devolved on the employer the duty of providing another. Testimony going to show his unfitness at a previous date was proper, as tending to show a

fact material to the issue of defendant's negligence, and also as tending to show the engineer's incompetency at the time of the accident.

The refused charges mentioned in the thirteenth and fourteenth assignments were substantially given in the main charge, likewise the eighth special charge asked by defendant.

The fifteenth assignment is to the refusal of this charge: "You are instructed, that if you believe from the testimony that the death of plaintiff's husband was the result of the incompetency, want of skill, or negligence of Ed. Edmunds, a fireman and employe of defendant, you will find for defendant in this case." It was sufficient to warrant the refusal of this charge that it would have submitted the case upon the issue of incompetency of Edmunds, upon which subject there was no evidence. Further, the negligence of Edmunds may have been the cause of the accident in conjunction with negligence of Pareira, and the charge, to have been a proper one, in any event, should have been framed with a view to this. As it was, it would have authorized a verdict for defendant, although the injury may have been due as well to Pareira's negligence.

From what has been said, there is no merit in the seventeenth assignment. There was no error in the court assuming in its charge that the engine ran over and killed Russell, all the evidence being that way. We discover no error as claimed in the twenty-third, twenty-fourth, and twenty-seventh assignments.

In this case the unfitness of Pareira and defendant's knowledge thereof was not sought to be proved by means of general repute. Plaintiff relies in reference to this important issue upon the testimony of Hillan and Rupert, whose testimony was sufficient to show the fact of incompetency. The extent of the testimony affecting Terrell with knowledge of the incompetency of his engineer is as follows: The fact that he, on one occasion, ran his engine off the track. This alone is recognized as insufficient to prove unfitness (Railway v. Beeman, 74 Texas, 291), and would be insufficient to charge the master with knowledge of his unfitness. Terrell also testified: "I understood at one time there was something wrong there." The testimony of William Davis is as follows: "I knew John Pareira on and before December 19, 1895; he was employed on and before that time as an engineer on the Gulf Shore Railway, under the administration of Henry Terrell, after his appointment as receiver of said railway company; I had a conversation with Henry Terrell after his appointment as receiver, but before he went into office, in regard to the competency of John Pareira as a locomotive engineer; I told Henry Terrell that Clifford had an engineer employed who I was informed was dismissed from the International & Great Northern Railway Company for running into an open switch in broad daylight." Terrell also testified: "I told Mr. Andrews (his sub-agent) to write to Mr. Campbell about Pareira's competency; I heard why he left the International & Great Northern; I don't know of my own knowledge." It was not disclosed that Mr. Andrews wrote, or what information was ob-

tained in reply. The jury might have inferred from this that Davis' conversation referred to Pareira, and that Terrell so understood it. They might also have concluded that Terrell, upon inquiry, found what Davis had stated to be true, for he says, "I heard why he left the International & Great Northern," and shows an inquiry directed, presumably at that time, concerning Pareira's competency, without disclosing the result, and it might have been inferred that he found the matter as Davis had stated it to him. This, with a subsequent negligent running off the track while in Terrell's employ, we can not say was insufficient to warrant the conclusion both that he had knowledge of the engineer's unfitness, and that he did not exercise proper care in retaining him as engineer. The testimony of Terrell, with admissible deductions therefrom, overcame the objections made to the testimony of Davis.

The eighth assignment brings into question the court's ruling excluding certain testimony of the witness Greene, by whom it was sought to be shown that Pareira was, during his employment by defendant, a member of the Brotherhood of Locomotive Engineers, and that under the rules of said order a member thereof had to be a skillful engineer, otherwise he could not become or remain a member of such order. There was no offer to show the extent of the membership of this order, and it may at best have been evidence of reputation within a limited circle, instead of general reputation. This was sufficient reason for excluding the testimony offered.

Under the remaining assignments, the eleventh, eighteenth, twenty-fifth, and twenty-sixth, the proposition is made that the court should have directed a verdict for the defendant upon the pleadings of plaintiff and the undisputed facts, and should have granted a new trial for the same reason. We conclude that there was testimony to sustain the findings that were essential to a recovery by plaintiff. The judgment is affirmed.

*Affirmed.*

Writ of error denied by Supreme Court.