### O. H. Leland et al. v. H. C. Chamberlin.

Decided June 2, 1909.

**1.—Evidence—Substance of Conversation.**

A witness who is unable to recall the details of a conversation, or the words used, may give his impression of the substance thereof and the conclusions reached by the negotiations thus carried on, but not his opinion as to what was upon the minds of the parties.

**2.—Practice—Urging Jury to Agree.**

Oral exhortation by the judge to the jury to continue their consideration of the case in the endeavor to reach a verdict, was not ground for reversal. Houston & T. C. R. Co. v. Darwin, 47 Texas Civ. App., 219, followed.

**3.—Trust—Charge.**

An instruction holding a deed absolute in form to be a conveyance in trust if made for the purpose of saving the property from sacrifice under a mortgage, should have been qualified by the requirement that the purpose of the grantee was to hold the land in trust for such end.

**4.—Fraudulent Conveyance—Trust.**

A parol trust in favor of the grantor can not be engrafted on an absolute deed where the transaction was made to hinder, delay or defraud his creditors.

**5.—Deed—Land Reserved—Charge.**

A deed having reserved from the land conveyed 200 acres as the grantor's

homestead, the right of the grantor to rents and profits of such homestead was not dependent on the invalidity of the conveyance as to the rest of the land

#### 6.—Charge—Issue Withdrawn.

It was error to submit to the jury an issue which had been withdrawn by the party tendering it before the announcement for trial.

Appeal from the District Court of McLennan County. Tried below before Hon. Marshall Surratt.

*S. E. Stratton, J. E. Yantis, Taylor & Gallagher* and *H. L. Taylor,* for appellants.—A witness may testify to the substance of a conversation or conversations though he can not recall the precise words nor the details of the same. Elliott on Evidence, 123, sec. 832.

A witness may testify to his impressions of what was said in a conversation, though he can not speak with certainty and though he can only recall portions of the conversation. Simpson v. Brotherton, 62 Texas, 172; Swinney v. Booth, 28 Texas, 115-16.

Though a witness be unable to remember the exact words or forms of expression used in a conversation or verbal communication, or the substance thereof, if the impression or idea conveyed is distinct and clear, the testimony is admissible. Texas Pacific Ry. Co. v. Barron, 4 Texas Civ. App., 549-50; Moore v. Johnson, 12 Texas Civ. App., 701-2.

Though a witness can not speak with assurance, if he has any recollection of a fact he may state it as it lies in his memory, and the jury will be the judge of the weight of his testimony. Swinney v. Booth, 28 Texas, 115-16; 1 Greenleaf on Evidence, sec. 440; 2 Elliott on Evidence, 123, sec. 832, note citing 27 Ga., 207.

It is competent for a witness to state the terms of a verbal agreement which he has heard made, without stating in detail the language used by the respective parties in making such agreement, and such details, if desired, should be brought out by cross-examination. Whitfield v. Diffie, 105 S. W., 327-28; Abbott's Trial Evidence, 436; 2 Elliott, Evidence, 123, sec. 832, note citing 9 Ala., 247.

(Thirteenth assignment of error.)—The court erred in refusing to give in charge to the jury the plaintiff's special charge which is as follows: "Gentlemen of the jury: I will charge you, at the request of the plaintiff, that if you believe from the evidence that J. B. Scarborough was the attorney for H. C. Chamberlin at the time of the execution of and delivery of said deed of September 7, 1899, and took said deed from said O. H. Leland with the understanding and agreement that same was for the purpose of assisting the plaintiffs in saving the said property from a sacrifice under mortgage, then existing, then in that event said H. C. Chamberlin would be bound by said agreement, whether the said J. B. Scarborough stated such agreement to said H. C. Chamberlain or not, and if you so find your verdict should be for plaintiffs, unless you should find that said conveyance was made with the intent to hinder, delay or defraud creditors under instructions given you in the main charge."

Conversations occurring during the negotiations of a transaction

are admissible as part of the "res gestae," in an action to engraft an equitable title upon the legal title. Leak v. Gunter, 25 Texas, 400; Steffian, Ex'r, v. Milmo Nat'l Bank, 69 Texas, 513.

*S. H. Lumpkin,* for appellee.—The deed from appellants to appellee, dated September 7, 1899, is a contractual deed, and sets out fully the terms and conditions of sale and purchase of the lands therein conveyed, and is within itself complete, and therefore under the law the appellants could not change, alter or vary the terms and conditions of said deed by parol evidence without alleging and proving fraud, mistake or accident, which they did not do. Rule 20 under art. 2299, Sayles' Texas Civ. Stats.; Weaver v. City of Gainesville, 1 Texas Civ. App., 286; Rubrecht v. Powers, 1 Texas Civ. App., 285; Walter v. Dearing, 65 S. W., 380; Byars v. Byars, 11 Texas Civ. App., 565; Teague v. Teague, 31 Texas Civ. App., 157; Heffron v. Cunningham, 76 Texas, 319; Rotan Grocery Company v. Turner, 46 Texas Civ. App., 534.

The court did not err in sustaining defendant's motion to suppress a portion of the depositions of the witness Geo. M. Scarborough, for the reasons set out in said motions. Ector v. Wiggins, 30 Texas, 58; Greening v. Keel, 84 Texas, 328; Hirans v. Coit, Dallam, 449; Lee & Co. v. Stowe, 57 Texas, 444; Crosson v. Dwyer, 9 Texas Civ. App., 482; Chinn v. Taylor, 64 Texas, 385.

The sale and purchase of the property under the deed dated September 7, 1899, was either a bona fide sale or it was a voluntary conveyance on the part of appellants to delay, defeat or defraud the creditors of appellant, O. H. Leland; if the former, then there was no trust, and appellee was a bona fide purchaser and should be protected; and if the latter, then appellants could not engraft a trust on such a fraudulent conveyance, and in either case the appellee should have had judgment notwithstanding the supposed errors assigned by appellants. Danzey v. Smith, 4 Texas, 414; Epperson v. Young, 8 Texas, 136; Leach v. Deveneux, 32 S. W., 837; 14 Ency. of Law (2d ed.), sec. 4, bottom pp. 272 to 282, sec. 5, bottom pp. 283 et seq.; Hoeser v. Kraeka, 29 Texas, 454.

RICE, ASSOCIATE JUSTICE.—This suit was brought by O. H. Leland and his son, D. C. Leland, against H. C. Chamberlin, a nephew of the former and cousin to the latter, for the purpose of engrafting a trust upon and cancelling a certain deed of conveyance, of date September 7, 1899, made by them to said Chamberlin for 2,035 acres of land, situated some fourteen miles west from Waco on the Bosque in McLennan County, known as the "Leland Farm or Ranch," which they had owned and lived upon for many years prior to the date of said conveyance, as well as for the recovery of the rents and revenues therefrom, and the rents and revenues from a certain 200-acre homestead tract, reserved in said conveyance to O. H. Leland, together with the value of certain personal property, turned over at said time by them to appellee; all of which it was alleged had been converted by appellee to his own use and benefit, in contravention of the terms of said trust.

The record shows that O. H. Leland, who at the date of this trans-

action was an old man some seventy-five years of age, had, prior thereto, on account of his inability to give personal supervision to the management of said farm, turned the same over to his said son, who had undertaken to operate the same and pay off an encumbrance thereon, but was not successful in so doing, owing to bad management and dissipated habits, and that from time to time it became necessary for said owners to borrow large sums of money thereon in order to open said farm for cultivation, conduct the operations thereon, and pay off the accumulated interest on said debt, so that at the time of the making of said conveyance they were owing the Wellesly Mortgage Company, of Dallas, some $20,000 or more, which was secured by a mortgage on said land, a portion of which, together with the current interest and taxes, was then past due, which they were unable to pay. It appears that the land at this time could not be sold for its reasonable value, and as it was anticipated that the loan company might become dissatisfied with his son's mismanagement of the property and insist upon the payment of the past due indebtedness, and if not paid resort to foreclosure proceedings to enforce collection of the whole debt, which had matured on account of said default, the said O. H. Leland, not wishing to sacrifice said property, appealed in his distress to his brother-in-law, Harvey C. Chamberlin, a man of means, for aid and advice, who promptly responded. After a consultation between O. H. Leland and said Harvey C. Chamberlin, it was agreed that they should consult J. B. Scarborough, Esq., an attorney who, together with his son Geo. M. Scarborough, composed the firm of Scarborough & Scarborough, with the view of devising some plan whereby said debt might be paid off and the property saved. As Harvey C. Chamberlin was also an old man, and unable to manage said property, he suggested H. C. Chamberlin as a suitable person to do so, whom it seems was acceptable to the Lelands.

It is alleged and the record discloses that numerous conferences were had between the Lelands, Harvey C. Chamberlin, the appellee, and the Scarboroughs, with reference to the best method of adjusting the indebtedness with the loan company and preserving the property to the Lelands. Finally, at the instance and upon the advice of said J. B. Scarborough, who it seems was acting as attorney for both appellants and appellee, an agreement was reached among all the parties hereto, whereby appellants were to convey all of said land except 200 acres reserved therein as a homestead for O. H. Leland, to H. C. Chamberlin, appellee herein, who was to take charge thereof, manage, control and operate the same, with the view and for the purpose of paying off said indebtedness from the revenues arising from said farm, and, after doing so, was to reconvey the same to the appellants, his compensation for said services to be adjusted upon the consummation of said undertaking. That in pursuance of said agreement and understanding said land was conveyed by appellants to appellee, by conveyance of date September 7, 1899, for the recited consideration of the assumption by appellee of said mortgage and the execution of two vendor's lien notes. It is further alleged that immediately upon the execution and delivery of said conveyance, that appellee accepted the same and took possession of said property and began to manage and

operate the same for the purposes stated, and in recognition of appellants' rights as owners thereof, until the summer of 1905, when he repudiated said trust and denied the rights of appellants thereunder, and asserted ownership in said lands. Appellants further alleged the failure and refusal on the part of appellee to execute said trust.

Appellee answered by special plea, general and special demurrers, general denial and special answer, that he was the owner of said lands conveyed by said deed of September 7, 1899, by purchase of the same under the terms set forth therein, and that there were no conditions attached to his holding the title to said lands; that as a purchaser thereof he had assumed and paid off the mortgage debt, relieving appellants from said obligation, and released unto said Leland said "200-acre homestead tract," and that he had paid off and satisfied the two vendor's lien notes executed by him as set out in the deed of conveyance; that he had at all times since the execution of said deed been in open and notorious possession of said lands, asserting title thereto in himself, holding himself out to the world as the owner of the same in his own right, whereby the claim of appellants was barred by the four years statute of limitation. Further, that plaintiffs, in making said conveyance, did so with intent to hinder, delay and defraud their creditors, alleging that they owed debts to the amount of $20,000 to various creditors, whereby their action in making the said deed was, as to them, fraudulent. That their claim for the recovery of the value of said personal property and for the rents for said 200-acre homestead tract was likewise barred by the statute of two years limitation. That while he occupied said 200-acre tract, as alleged, that he did so under a lease contract with appellant O. H. Leland at a stipulated rental of $200 per annum; that said O. H. Leland, after the first year of said term, ceased to be the owner of said 200 acres of land, and that he thereafter occupied and held the same as tenant of H. J. Chamberlin, who became the purchaser thereof, and to whom he had attorned for the use of said land, praying to be quieted in his title and that appellants take nothing by their action, and that he be discharged with his costs.

Appellants by supplemental petition denied the assertion by appellee of ownership and title to said lands prior to the summer of 1905, but alleged that he held himself out at all times as carrying out the terms of said trust, and that they had no notice of any intent on his part to repudiate the same, or claim any rights in any of said property, other than as trustee, until late in the summer of 1905. That if defendant had paid off said notes and discharged said obligations, he did so out of the revenues derived from the profits of said lands, with funds and moneys belonging to appellants, and that said action on his part in connection therewith was in keeping with the terms of said trust and the execution of the same. They specially denied that said property was conveyed to hinder, delay or defraud creditors, alleging that they were at all times amply solvent, and that they held title to and possession of available property of the value of $12,000, subject to execution at the date of said conveyance; that they were at all times the owners of said 200-acre homestead tract, and that appellee did not hold same as tenant under said H. J. Chamberlin, nor did he

attorn to him, but that the title to said 200-acre tract had always belonged to appellant O. H. Leland, and that said deed was taken in the name of said Chamberlin for the use of said Leland, who has at all times been recognized as the owner thereof, and that he now holds the legal title to same.

There was a jury trial, resulting in a verdict and judgment for appellee, from which this appeal is prosecuted.

*Opinion.*—It appears that J. B. Scarborough, the senior member of the firm of Scarborough & Scarborough, died in 1905 before this suit was filed, and that his son Geo. M. Scarborough, the other member of the firm had removed to New York. Harvey C. Chamberlin was a witness upon the trial, but was unable to recall many of the details of the transaction in question, so that the issue as to whether or not the instrument under discussion was a deed of trust was sustained on the one side by the testimony of the appellants and denied on the other by that of the appellee. Appellants, soon after the filing of this suit, propounded interrogatories to Geo. M. Scarborough for the purpose of taking his testimony, who answered, but his first depositions being quashed for some informality, other interrogatories were propounded to him in January, 1908, which were answered and said depositions duly returned into court shortly before this trial, parts of which were also quashed on motion of appellee. Appellants thereupon moved to continue this cause for the purpose of retaking the deposition of said Scarborough, which motion was overruled. We deem it unnecessary to discuss the first assignment, which assails the correctness of the ruling of the court in this particular, because the same becomes immaterial in the view we have taken of other errors assigned, which will now be discussed.

The next seven assignments complain of the action of the court in sustaining appellee's motion to quash certain portions of these depositions, and excluding the answers of said witness to certain interrogatories therein propounded. It will not be necessary, in our judgment, however, to consider each of them seriatim, for the reason that our discussion and ruling on those here treated may be regarded as applicable to all the others.

The second assignment urges that the court erred in sustaining appellee's objection to the third direct interrogatory propounded to appellants' said witness Geo. M. Scarborough, and his answer thereto, which is as follows: "If in answer to the foregoing you state that you are the same George M. Scarborough that heretofore testified in this case, then I will ask you to state whether you had any connection with the said transaction or know anything of same. If you answer 'Yes,' then state whether or not you heard any negotiations between the parties that led up to the execution of said deed? If so, state what same were, giving as near as you can the conversations between the parties and the substance of same, stating who was present in any conversation you heard in his presence or in which said H. C. Chamberlin took part, leading up to the execution of said deed." To which question the witness answered:

"Yes, in my testimony given herein on said 18th day of September,

1907, I stated as fully as possible all the facts of said transaction which I was then able to remember. I do not pretend to be able to recall or reproduce any specific conversation or conversations had by and between said parties prior to and at the time of the execution of said deed. This transaction occurred about nine years ago. I have never since thought of the same until I was requested to answer depositions in this case sometime about the middle of last summer. I remember the circumstances of the execution of and preparation of said deed. I remember that on several occasions prior to the execution of said deed O. H. Leland, Harry C. Chamberlin (who is the same person as H. C. Chamberlin), H. J. Chamberlin, J. B. Scarborough and myself had conferences in the office of Scarborough & Scarborough on South Fourth Street, Waco, Texas, relative to the best method of preventing the property of said O. H. Leland from being sold under a mortgage held by some mortgage company of Dallas, Texas. I am not positive, but as I recall it, on one or more occasions R. M. Chamberlin, the father of H. C. Chamberlin, was present and joined in the conversation. David C. Leland was, as I remember it, present upon only one occasion, to wit: The time of signing of said instrument. As I stated, I will not pretend to recall any conversation had in connection with said affair. The substance of the conversation was to the effect that something should be done to prevent the forced sale of Leland's property, and, as I remember it, after a thorough canvass of the situation, it was agreed by all parties that the best method of procedure was to deed the property to Harry C. Chamberlin, who was to devote his entire time to so conducting the affairs of said farm that the mortgage might be paid off with the crops grown thereon. With this understanding and agreement, as I recall it, the deed was executed by the Lelands to Chamberlin. All parties were agreed upon the proposition and everything as I recall it was harmonious."

Appellee moved to strike out all of said answer, commencing with the sentence, "The substance of the conversation was to the effect," because not responsive to the question, and undertakes to state the conclusions of the witness, and further, because said witness, after stating that he could not recall the matters referred to in said interrogatory, undertakes to give the substance of what was stated in said conversations, which objections were sustained by the court and the answers stricken out and suppressed, to which appellants excepted.

By their third assignment appellants complain of the action of the court in sustaining the motion of appellee to suppress a portion of the answer of the witness Geo. M. Scarborough to the fourth direct interrogatory, which interrogatory is as follows:

"State whether or not you heard any conversation in which the said H. C. Chamberlin took part or any conversation, at which the said H. C. Chamberlin was present, between H. J. Chamberlin and J. B. Scarborough, arranging and preparing for the said deed that was executed by the said O. H. Leland and D. C. Leland to H. C. Chamberlin. If so, give as near as you can said conversation, what was said by H. C. Chamberlin, if anything, or by either of the other parties in his presence with reference to the purpose for which said deed was to be executed."

To which question the witness answered: "As I have stated, H. C. Chamberlin was present and took part in one or more conferences prior to the execution of said deed. He was also present at its execution. I will not undertake to reproduce any of said conversations after so long a lapse of time. I knew the purpose of the execution of said deed from the conversations had regarding it, and that is the only fact after nine years which remains prominently in my memory, to wit: That it was deeded by Leland to Chamberlin to attempt to save the property with a natural understanding that a future adjustment of affairs should be made between the parties, if Chamberlin was successful in saving the property."

Defendant objected and moved to strike out all of said answer on the ground that it was not responsive to the question, and stated the conclusions of the witness, and because the witness nowhere stated that he ever heard any such conversation, but merely says that H. C. Chamberlin was present during one or more of said conversations. The court sustained said objection and struck out all of said answer beginning with the sentence "I knew the purpose of the execution of said deed," to which ruling of the court appellants excepted and reserved their bill.

Appellants insist by their several propositions under these assignments that a witness may be allowed to testify to the substance of a conversation, though he can not recall the precise words nor the details of the same, and that he may be allowed to give his impression of what the conversations may have been, though he can not speak with certainty in reference thereto, and though he can only recall portions thereof. We think this contention is sound and sustained by the great weight of authority. It seems that the witness was present and took part in the frequent conferences that led up to the final consummation of the agreement between the parties, and while after a great lapse of time he frankly states that he is unable to give the details of all the various conversations that occurred, still, he does undertake to state with emphasis the substance and result of what actually occurred. We think this testimony was highly material and important in view of the issues presented, and the sharp conflict between the parties with reference to whether or not the conveyance in question was an absolute deed or was a trust conveyance.

Discussing this subject, Mr. Elliott, in his work on Evidence, vol. 2, p. 123, sec. 832, says: "In his answers the witness should state facts and not conclusions. But where a witness is interrogated as to a particular conversation or oral agreement, he is not required in his answers to give the exact language of such conversation or agreement unless he distinctly remembers it, but he may give the substance thereof."

Mr. Greenleaf, in vol. 1, sec. 440, of his work on Evidence, speaking with reference to the same subject, says: "In general, though a witness must depose to such facts only as are *within his own knowledge,* yet there is no rule that requires him to speak with such expression of certainty as to exclude all doubt in his mind. If the fact is impressed on his memory, but his recollection does not rise to positive assurance, it is still admissible to be weighed by the jury."

In Simpson v. Brotherton, 62 Texas, 172, the court says: "The fact that he could not speak with certainty as to what Brotherton had said did not prevent him from giving his best recollection. If he had doubts about the correctness of his memory, or could detail only portions of the conversation, this would not exclude what he could undertake to state, although it was his mere impressions of what had been said. But the jury might have taken those facts into consideration in passing upon the credibility of his evidence."

In Texas Pac. Ry. Co. v. Barron, 4 Texas Civ. App., 549, it is said: "The witness was ready to testify that he heard the superintendent reprimand the section boss for not having gone over the road before the wreck, but further testified that he did not recollect the language used by the superintendent, nor the substance thereof. The court in holding the testimony admissible, says: It is a general and elementary principle that a witness must testify as to facts and not as to inferences and conclusions. Was this principle violated in the admission of the testimony of the witness? He testified to the fact that he heard the general manager, Grant, reprimand the section foreman for not inspecting the track on the morning of the wreck; that he did not remember his language or form of expression, but he did remember the idea conveyed or impression received by him, and it was to this that he testified. How much such evidence proves, or ought to weigh with a jury is another and different question. Where the impression received is vague and uncertain, the trial court might properly exclude the evidence; but where the defect is a failure to remember the exact words or forms of expression, while the impression or idea conveyed is distinct and clear, the evidence should be admitted."

See also the following authorities in support of this ruling: Swinney v. Booth, 28 Texas, 115; Moore v. Johnson, 12 Texas Civ. App., 701; Whitfield v. Diffie, 105 S. W., 327-8; Abbott's Trial Evidence, p. 436.

We believe that the court erred in sustaining the exceptions of appellee to the testimony of said Scarborough; and for the reasons indicated, we likewise sustain appellant's fourth, fifth, sixth, seventh and eighth assignments of error, with this exception, we believe that that part of Scarborough's answer complained of in the fourth assignment, wherein he uses this expression, "This was the burden upon the minds of all the parties to the conversation, as I know from their statements made at the time, but which I do not now undertake to recall or repeat," was properly stricken out upon appellee's objection, because we do not think that the witness ought to be permitted to give his opinion as to what was upon the minds of the parties.

As the matters complained of in the ninth and tenth assignments will not likely occur on another trial, we deem it unnecessary to pass upon the questions there presented.

We overrule the twelfth assignment complaining of the action of the trial court in giving certain verbal instructions to the jury during their deliberation upon the case relative to their duties as jurors with reference to arriving at a verdict, because the exact charge here complained of was the subject of discussion in the case of Houston &

T. C. Ry. Co. v. Darwin, 47 Texas Civ. App., 219, and was there approved by the Supreme Court.

The special charge set forth in the thirteenth assignment of error, as framed, we are inclined to think was properly refused, for the reason that the same failed to contain the idea that the jury should also believe that the purpose of Chamberlin in taking the deed was to hold the land in trust for appellants.

We overrule appellants' fourteenth assignment, because we think the charge complained of was properly given. The court instructed the jury that if they believed from the evidence that the plaintiffs executed and delivered said deed to the defendant with the purpose and intent upon their part to hinder, delay or defraud their creditors, then if they so believed to find for the defendant, notwithstanding they might believe from the evidence that the said deed was executed by plaintiffs and accepted by defendant with the understanding and agreement that he would hold the same for the use and benefit of plaintiffs. This charge is assigned as error by appellants in their fifteenth assignment. We think the evidence raised this issue and that the court properly charged thereon, for which reason this assignment is overruled. We think the court erred in that part of the eighth paragraph of its charge complained of in the sixteenth assignment, because, irrespective of what may have been the finding of the jury upon the issue as to the conveyance, appellants had the right to have the issue relative to the rents and revenues arising from the 200-acre homestead tract passed upon by the jury.

We sustain the seventeenth assignment of error complaining of that part of the court's charge submitting an issue which had been withdrawn from the jury. The other assignments are overruled.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*