**EXPORTERS' & TRADERS' COMPRESS & WAREHOUSE CO. v. SHAW. (No. 796.)**

Court of Civil Appeals of Texas. Waco. June 20, 1929.

Rehearing Denied Oct. 3, 1929.

J. W. Spivey, of Waco, and Bartlett & Carter, of Marlin, for appellant.

Frank Oltorf and Ben Rice, Jr., both of Marlin, for appellee.

GALLAGHER, C. J. Appellee, D. R. Shaw, sued appellant, Exporters' & Traders' Compress & Warehouse Company, to recover the value of nine bales of cotton in the sum of $900, with interest from December 1, 1920. This is a companion case to Exporters' &

Traders' Compress & Warehouse Co. v. Hemphill (Tex. Civ. App.) 292 S. W. 599. The pleadings and evidence are substantially the same in both cases. Appellee alleged, in substance, that appellant theretofore had been engaged in compressing cotton; that, in addition to receiving cotton to be compressed, it also received and stored cotton for hire; that it thereby assumed the duties, responsibilities, and liabilities of a warehouseman; that when appellant received said cotton it issued receipts therefor, stating that the same was received for storage and compression, and binding it to redeliver the same to the legal holder of such receipts, or to pay the market value thereof. Appellant in its answer alleged that, if said cotton was received by it, same was received under an express agreement that it was not liable therefor if the same was destroyed by fire, and that the same was so destroyed. Appellee replied thereto by alleging that appellant was negligent in some 16 specific matters with reference to the safekeeping of said cotton, and that each of the acts of negligence so charged was the proximate cause of the destruction thereof. Appellee further alleged that the stipulation exempting appellant from liability in case of destruction of said cotton by fire was, because of such negligence, void and unenforceable, and constituted no defense to the demands asserted by him in this suit.

The case was submitted to a jury on special issues, in response to which the jury found, in substance, that:

(a) Appellant did not use ordinary care in supplying water hose of sufficient length to reach the place on its platform where the fire originated, and such failure proximately caused the destruction of appellee's cotton.

(b) Appellant did not use ordinary care in supplying its platform with hose of sound material, and such failure proximately caused the destruction of appellee's cotton.

(c) Appellant did not require its night watchman to encircle all the cotton on its platform on his regular trips of inspection. Appellant, in failing to so require, failed to exercise ordinary care, and such failure proximately caused the destruction of appellee's cotton.

(d) Appellant did not exercise ordinary care in providing for observation, inspection, and examination of the cotton situated on the extended portion of its platform, with a view of protecting the same from fire, and its failure to do so proximately caused the destruction of appellee's cotton.

(e) Appellant's night watchman, after he discovered the fire which destroyed said cotton, did not exercise ordinary care in using the means and facilities at hand furnished him by appellant in attempting to extinguish such fire, and such failure proximately caused the destruction of appellee's cotton.

(f) Appellee's cotton weighed 5,000 pounds, and the reasonable value thereof at the time it was destroyed was 16.35 cents per pound.

The court rendered judgment on the verdict in favor of appellee against appellant for the value of his cotton as found by the jury, with interest thereon, amounting in the aggregate to $1,174.18, from which judgment this appeal is prosecuted.

### Opinion.

Appellant's first group of propositions complains of the action of the court in overruling exceptions to appellee's petition. Appellant insists that its general demurrer should have been sustained. The specific contention in this connection is that the allegations of appellee's petition were insufficient to show that the several acts of negligence charged were the proximate cause of the destruction of his cotton. Appellee's allegations of causal connection between the short and defective hose and the destruction of his cotton were sufficient. His allegations of such connection between the failure of appellant's watchman to use the means at hand for extinguishing the fire after discovery by him and the destruction of his cotton were also ample. Since the findings of the jury on these three issues furnish abundant support for the judgment rendered, appellant's general demurrer was properly overruled.

Appellant presented one or more special exceptions to appellee's allegations concerning each specific act of negligence charged. All of said exceptions were overruled. Our Supreme Court has held that, under rule 62a, a party complaining of the overruling of his special exceptions to the pleadings of his adversary must show that he was prejudiced by such action. Golden v. Odiorne, 112 Tex. 544, 550, 249 S. W. 822, 824, 825. The following additional authorities so hold: Reisenberg v. Hankins (Tex. Civ. App.) 258 S. W. 904, 911, par. 13; McDaniel v. Turner (Tex. Civ. App.) 269 S. W. 496, 497, par. 3; Alsup v. Hawkeye Securities Fire Ins. Co. (Tex. Civ. App.) 300 S. W. 223, 224, par. 1; Bailey v. Giant Tire & Rubber Co. (Tex. Civ. App.) 3 S.W.(2d) 501, 502, par. 1; City of Waco v. Roberts (Tex. Civ. App.) 12 S.W.(2d) 263, 264, par. 2. Appellant, apparently in recognition of such rule, asserts that the reading of said allegations to the jury and the introduction of evidence thereon was necessarily prejudicial. We have examined all the several allegations of negligence not submitted to the jury as hereinbefore recited. None of them were in any way inflammatory. They were all pertinent to the cause of action relied upon by appellee.

We do not think the mere reading to the jury of such allegations can be held cause for reversal, notwithstanding no evidence was offered in support of one or more of them, and notwithstanding the evidence introduced in support of some of them was insufficient to

require the submission to the jury of any issue thereon. Appellee introduced testimony tending to sustain several of said charges of negligence. Appellant contends that the introduction of such testimony rendered the action of the court in overruling its special exceptions to such allegations prejudicial to it. All such testimony was introduced over the objection of appellant, and its relevancy will be discussed in connection with appellant's propositions complaining of the introduction thereof. Appellant's specific contention in this connection is an alleged lack of causal connection between such acts of negligence and the destruction of appellee's cotton. All, or nearly all, of such testimony was pertinent to one or more of the issues of negligence submitted to the jury for determination. Such being the case, appellant cannot rely thereon to show prejudice resulting from the action of the court in overruling such special exceptions.

■ Appellant presents a group of propositions complaining of the introduction over its objection of the testimony above referred to. The most material of such testimony was to the effect that the bucket and barrel system installed on appellant's platform for extinguishing fires was inadequate, and not properly maintained; that bales of cotton were opened and reconditioned on the platform, and loose cotton therefrom permitted to be scattered all over the same, and that trash was permitted to accumulate on, around, and under such platform. Appellee in his petition alleged the existence of all these facts, and further alleged that appellant was negligent in permitting them to exist. All the testimony complained of was admissible under some specific allegation of negligence contained in the petition. If appellee, as contended by appellant, failed to introduce evidence tending to show that each of said several acts, if negligent, was a proximate cause of the destruction by said fire of appellant's platform, including appellee's cotton thereon stored, appellant failed to move the court to exclude the testimony concerning such acts from the consideration of the jury when the evidence closed and such failure became manifest.

We are of the opinion, however, that practically all this testimony was admissible to aid the jury in determining whether appellant was negligent in failing to supply a sufficient quantity of sound and usable hose. The existence of the several matters so testified about, with the exception of the insufficiency of the bucket and barrel system, necessarily increased the fire hazard. The jury would have been justified in considering such increase of fire hazard in determining whether appellant was negligent in not providing and maintaining a reasonably effective hose system for extinguishing in its incipiency any fire which might originate on the premises. If the bucket and barrel system provided by appellant was inadequate and not properly maintained, the jury would also have been justified in considering this fact in passing upon the question of whether appellant was negligent in furnishing and maintaining its hose system. We do not think the trial court erred in admitting said testimony.

■ Appellant presents a group of propositions complaining of the action of the court in admitting over its objection certain testimony of the witness Percy M. Marshall. This witness testified that he was a special agent for an insurance company which carried policies on some of the property destroyed in said fire; that he had been engaged in such capacity since 1912; that it was the duty of a special agent to supervise agencies, to make reports on various matters, to pass upon risks, and to supervise the business of his company in a general way. He further testified that in his capacity as such special agent he inspected the premises a short time before said fire. He further testified that he did not know whether he saw any fire hose or not, nor whether such hose was tested or not, nor the approximate length thereof. In this connection he also testified, over objection of appellant, that in his opinion there was some hose, and, if so, he inspected it; that it was his opinion that it was not in the best condition; that it was his opinion there should have been more hose in first-class condition, in order to reach all parts of the platform; that there were some water casks on the platform, but he did not recollect exactly how many; that there were some pails for use in connection therewith, but that they were not properly hung; that he inspected the watch clock; that he found refuse lumber stored under the platform, and weeds, grass, and trash thereunder; that he found two or three bales of loose cotton on the platform. He further testified, in substance, that he discussed with Mr. Dossett, appellant's general manager at the time, the result of his inspection, and recommended that new hose of sufficient length to reach all parts of the compress platform be attached to all hydrants; that 45 casks with two pails to each cask be placed on the platform; that a new clock be procured for the night watchman; that all weeds be cut and all trash removed from the premises; that the reconditioning of cotton on the platform be discontinued, or limited to two or three bales; and that reconditioned cotton be sacked and removed from the premises.

Appellant's first objection to said testimony was that the witness was not shown to have sufficient knowledge and experience in such matters to testify to his opinion with reference thereto. The witness detailed the duties of his employment, and stated he had been engaged in the discharge of the same since 1912. We think he was sufficiently qualified to tes-

tify concerning the matters to which his testimony relates. Another objection urged by appellant was that the witness showed no recollection with reference to the hose and was merely expressing his opinion and conclusion. We have considered the testimony of the witness as recited in the statement of facts as a whole. We think the word "opinion," as used by the witness, was intended to mean, and should be interpreted to mean, to the best of his recollection. Terrell v. Russell, 16 Tex. Civ. App. 573, 42 S. W. 129, 130 (writ refused), and authorities there cited. The testimony of a witness should not be excluded merely because his recollection is indistinct. Simpson v. Brotherton, 62 Tex. 170; Leland v. Chamberlin, 56 Tex. Civ. App. 256, 120 S. W. 1040, 1043. Said objection was without merit and was properly overruled.

Appellant objected to the testimony of the witness with reference to his report to Mr. Dossett of the conditions he found on such inspection, and his recommendations with reference to the correction of such conditions, on the ground that such recommendations were nothing more than the expression of an opinion on the part of the witness, and that all such testimony was irrelevant and immaterial, and that appellant would be charged with notice of the conditions actually existing whether called to the attention of its manager or not. While the witness did not state the language used in his report to Mr. Dossett of the conditions he found existing, and about which he had just testified in more or less detail, he did state that he reported such conditions to him. The recommendations which he testified he made in connection with such report bore directly on such conditions, and contemplated the betterment thereof from the standpoint of fire hazard. Since the witness was shown to have had experience sufficient to qualify him to express an opinion with reference to proper and necessary precautions against fire in such cases, his recommendations with reference to additional precautions were admissible.

Appellant presents a proposition complaining of the introduction over his objection of the following testimony of the witness Allen: "If the hole had not been in the hose, so that all the water could have been forced through the nozzle, I could have put out the fire when I got there. If the hose had been long enough, so that I could have gotten up to the fire while it was small, I believe I could have put the fire out anyway." Appellant's objection to the foregoing testimony was that it did not appear that the witness was competent to express his opinion upon either of said matters.

The witness had already testified, in substance, that when he arrived at the scene of the fire he saw the watchman using the hose trying to put out the fire; that the fire was confined to a space of 8 or 10 feet, and that only three or possibly four bales standing on end were burning; that the hose referred to was old, unsound, and not in a usable condition; that there was a hole in the same near the nozzle, and that more water came out of the hole than came out of the nozzle; that, when he tried to carry the nozzle to the fire, he found the hose was so short that he could not get it nearer than within 15 or 20 feet of the same, and that the water barely reached the same. There is testimony in the record from other witnesses showing that the water pressure was adequate. There is no contention that this witness had had any special experience in fighting fires. We therefore assume that he possessed merely the common knowledge that a sound hose will carry water, and that water in sufficient quantities will put out fire.

The question, therefore, is whether it was competent for him to supplement his attempted description of the situation, with his opinion or conclusion as to the possibility of putting out the fire had the hose been sound and long enough to pour the full stream of water directly upon it. Having no greater skill with reference to the matter under consideration than the jurors trying the case, his inferences and conclusions, based on the facts existing at the time he attempted to extinguish the fire, were admissible in evidence only when it was made to appear that the situation, circumstances, and actions involved could not at the time of trial be recited and described with such accuracy and detail as to put the jurors in as good a position to form an opinion as he occupied at the time of such fire, and that such inferences and conclusions would probably aid the jury in passing upon the issue involved.

The Supreme Court passed upon a similar issue in the case of Missouri Pacific Ry. Co. v. Jarrard, 65 Tex. 560, 561, 562, 565, 566. In that case a passenger train had been derailed and a passenger injured. The accident was attributed to the condition of the track, and it was charged that the same was not in a safe condition for travel. Three witnesses testified, in effect, that they considered the road in a very bad condition, and that they did not consider it safe for trains to pass over the same. None of them were shown to be railroad men, nor to have had any special information or experience with reference to such matter. The court, in holding their testimony on this issue admissible, said:

"The opinion that the railroad track, at the time and place where the wreck occurred, was out of repair and in an unsafe condition, testified by Johnson and other witnesses, was objected to on two grounds: First, that the subject was *not* one of common information, and the witnesses did not qualify as experts; and, second, that the subject *was* one of common information, and the jury could form their own opinion.

"It is not necessary to determine which of the inconsistent bases of objection is correct. The witnesses had actual knowledge of the particular part of the road in question, and testified as fully as they could to the facts upon which their judgments were founded. This brought their opinion clearly within the rule, if the matter was one requiring technical or special information. Wharton on Ev. § 513.

"On the other hand, the opinions were admissible, if the condition of the road could be judged of by men of ordinary information, for the reason that the witnesses, from actual observation, had acquired knowledge, which could only be communicated to the jury as a result. A juror would be as competent as the witness to form an opinion, if he had seen what the witness saw, but what the witness observed 'cannot be reproduced and made palpable in the concrete to the jury'—'language is not adequate to such realization.' The aggregate impression is what is reported to the consciousness and preserved in the memory, and that is susceptible of expression only in the form of an opinion. Wharton on Ev. § 511. The leading facts consciously conducing to the opinion can and must be stated, but the appearance of the road, made up of patched rails, worn or rusted in various degrees, some properly, some partially, and some not at all, fastened together at the ends; the ties in all the stages of decay, some with the iron spiked to them and some not, some in a socket of mud, and some firmly embedded in the earth, the roughness of the track, perceptible with precision at a glance, but insusceptible of accurate portrayal, in words, each of which contributes to the general appearance and indefinable part, this whole appearance of the road cannot be adequately stated in language. Its best reproduction is in the shape of an opinion. What can be stated is sufficient to test the witness' knowledge and accuracy of observation, and upon these depends the value of the opinion. Upon either of the irreconcilable hypotheses, upon which the testimony was opposed, we think it was properly admitted."

Our Supreme Court in I. & G. N. Ry. Co. v. Klaus, 64 Tex. 293, 294, 295, quoted with approval from an opinion of the Supreme Court of Connecticut (Porter v. Pequonnoc Mfg. Co., 17 Conn. 249) as follows:

"The opinions of such persons upon a question of this description, although possessing no peculiar skill upon the subject, would ordinarily be more satisfactory to the minds of the triers than those of scientific men who were personally unacquainted with the facts of the case. And to preclude them from giving their opinions on the subject, in connection with the facts testified to by them, would be to close an ordinary and important avenue to the truth. * * * On such a question, the judgment of ordinary persons having an opportunity of personal observation, and tes-

tifying to the facts derived from that observation, was equally admissible, whatever comparative weight their opinions might be entitled to, of which it would be for the jury to judge."

The size of the fire when said witness reached the same, the rapidity with which it spread, the condition of the hose, the effect of the hole in the same, through which the water escaped after leaving the hydrant, the distance when the hose was extended full length between the nozzle and the fire, and the amount of water that could have been carried in the hose to the fire, but for such defects, were all necessarily matters of estimate in the mind of the witness. We do not believe that any description of that situation could place the jury in as favorable position as the witness for forming an opinion of the possibility of extinguishing the fire if the hose had been sound and adequate in length. In addition to the above authorities we cite the following: Carroll v. Welch, 26 Tex. 147, 148, 149; Gonzales College v. McHugh, 21 Tex. 256, 258, 259; G., C. & S. F. Ry. Co. v. Richards, 83 Tex. 203, 205, 206, 18 S. W. 611; G., C. & S. F. Ry. Co. v. Hepner, 83 Tex. 136, 140, 18 S. W. 441; G., C. & S. F. Ry. Co. v. Locker, 78 Tex. 279, 282, 283, 14 S. W. 611; G., H. & S. A. Ry. Co. v. Daniels, 9 Tex. Civ. App. 253, 28 S. W. 548, 549, 550, 711; Id., 1 Tex. Civ. App. 695, 20 S. W. 955, 957; St. Louis & S. F. R. Co.'s Receiver v. Fulkerson, 128 Ark. 172, 193 S. W. 500, 501.

The trial court admitted the testimony, and afterwards overruled appellant's motion for new trial, in which it complained of such action. Whether the opinion and conclusion of the witness under consideration was admissible under all the circumstances was primarily a question for his determination, and his decision should be sustained unless it is shown to be clearly wrong. G., H. & S. A. Ry. Co. v. Daniels, 9 Tex. Civ. App. 253, 28 S. W. 548, 550, 711; Stillwell & Bierce Mfg. Co. v. Phelps, 130 U. S. 520, 9 S. Ct. 601, 603, 32 L. Ed. 1035. Appellant's contention that the action of the court in admitting said testimony constitutes reversible error is overruled.

■ Appellant presents a group of propositions contending that the court should have given its requested peremptory charge, because there was no evidence authorizing the submission of any issue of negligence, and no evidence authorizing the submission of any issue of proximate cause. The evidence in this case is substantially the same as the evidence in the companion case of Exporters' & Traders' Compress & Warehouse Co. v. Hemphill (Tex. Civ. App.) 292 S. W. 599. We there discussed the sufficiency of such evidence to sustain the findings against appellant on the issues of negligence and proximate cause with reference to the length and condition of the fire hose on appellant's platform at the scene of the fire. The findings

of the jury in that case on said issues were in substance the same as the findings of the jury thereon in this case, as set out in subdivisions (2) and (b) of our abridgment of the verdict herein. We there held that the evidence was sufficient to sustain said findings. All that was there said, and the authorities there cited, are equally applicable in this case, and we here refer thereto.

The jury found, as set out in subdivision (e) of our said abridgment of the verdict in this case, that appellant's night watchman, after he discovered the fire, did not exercise ordinary care in using the means and facilities at hand in attempting to extinguish such fire, and that his failure to do so was a proximate cause of the destruction of appellee's cotton. Appellant's night watchman testified, in substance, that he was in the office at the southeast corner of the platform when he first discovered the fire; that he first ran around the stored cotton to the northeast corner of the platform, and from there to the northwest corner, where the fire was located. The distance so traveled was, according to the record, approximately 550 feet. He there looked down the west side of the platform, to see if he could discover any one who might have set the fire. He then returned to the east side, and there again looked for such a person. How much time was consumed in such fruitless search for an incendiary he does not even attempt to estimate. He then returned to the office, and apparently for the first time thought of turning in a fire alarm. After turning in such alarm, he returned to the scene of the fire, turned on the water, and attempted to extinguish the fire with the insufficient and defective hose. He was so engaged when the witness Allen arrived. It is true he testified that six or eight bales were afire when he reached the scene the first time, but he is contradicted on this point by Allen, who testified that only three or four bales were burning at the time he (Allen) reached the scene some time later.

There was testimony in the record from another witness that, when she first saw the fire, which was immediately before she notified the telephone company to have an alarm turned in, and before any alarm was turned in, that it was a small affair and burned like a torch. The testimony of the watchman with reference to the size of the fire when he first discovered it, and the rapidity with which it spread, was self-exculpatory, and the jury had a right to reject the same, and accept the testimony of other witnesses on that point in preference to his. The jury, under the facts in evidence, might have believed that, if said watchman, who was in the office, from which a fire alarm could be turned in, when he first discovered the fire, had given such alarm immediately, and had then, without consuming time in searching for an incendiary, gone immediately to the scene of the fire and used his best efforts to extinguish the same with the means at hand, he might have been able to do so, or to hold the same in check until the arrival of the fire department, notwithstanding the defective condition of said hose. The jury, in effect, so found, and we cannot say that such finding is without sufficient support in the evidence. Appellant's propositions, complaining of the refusal to give a peremptory charge in its favor on the ground of the insufficiency of the evidence, are all overruled.

Our holdings on the issues above discussed render it unnecessary to consider appellant's complaints of the sufficiency of the evidence to support the findings of negligence and proximate cause, as set out in subdivisions (c) and (d) of our abridgment of the verdict.

Appellant presents a group of propositions asserting that the court erred in refusing its request for a peremptory charge, because appellee's cotton was destroyed by fire, and the contract under which it received and accepted said cotton for storage, as embodied in the receipts issued therefor, expressly provided against liability for loss from such cause. Appellant, at the time it received said cotton for storage, issued a separate receipt for each bale thereof. Each of said receipts, so far as material to this issue, read as follows:

"Received of D. R. Shaw one bale of cotton * * * for storage and compression. This company binds itself to redeliver said cotton to the legal holder hereof or pay the market value thereof. * * * Loss by act of Providence or fire damage excepted. * * *"

The language so used in said receipts is substantially, if not literally, the same as the language used in the receipts considered and construed in the case of Whittington v. Cameron Compress Co. (Tex. Civ. App.) 268 S. W. 216, 217, 218, and Cameron Compress Co. v. Whitington (Com. App.) 280 S. W. 527, 528, par. 1. It was there held that such language was effective to exempt from liability only in event the loss by fire was not caused or contributed to by the negligence of the storer or warehouseman. Such holding was followed by this court in the companion case of Exporters' & Traders' Compress & Warehouse Co. v. Hemphill, supra. Said propositions are overruled.

The judgment of the trial court is affirmed.